THE AMERICAN CUSHMAN TELEPHONE COMPANY v. BOSTWICK R. NOBLE AND JOHN P. NIGGEMAN.

*Sale—Recoupment—Evidence.*

1. A case should be submitted to the jury upon the theory of both the plaintiff and defendant.

2. The testimony of a witness who is not shown to be an expert, as to what is covered by telephone patents, is inadmissible.

3. Where a verbal contract for the sale of telephones, and other appliances necessary to build a telephone line, includes a promise to employ necessary legal counsel, and defend and save the purchasers harmless against suits for an infringement of the patents of another telephone company, which promise is not kept, the purchasers, in a suit upon the contract, should be allowed to recoup whatever damages, if any, they have sustained by reason of such breach, which damages can only be determined by the jury.

Error to Wayne. (Reilly, J.) Argued October 26, 1893. Decided December 8, 1893.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*E. F. Bacon,* for appellants.

*John H. Bissell (James C. Smith, Jr.,* of counsel), for plaintiff.

HOOKER, C. J. Plaintiff was a manufacturer of telephones in Chicago. The defendants, who were about to build a telephone line in Michigan, went to Chicago, and purchased some telephones and other appliances from the plaintiff. These telephones were afterwards determined to be infringements of the patents of the Bell Telephone Company, and plaintiff was enjoined from the further manufacture or sale of the instruments, and was ordered to turn over to the Bell Telephone Company all infringing instruments in its possession. Meanwhile, the defendants had been sued by the Bell Telephone Company, and, either before or after the plaintiff had been enjoined as aforesaid, they turned over to the Bell Telephone Company such instruments as had been in use, in settlement of the actions commenced. A few telephones that had not been used were returned to the plaintiff, and, as we under-

stand, these were not included in the claim sued upon in this case.    The defendants gave notice of recoupment, and claimed damages for the failure of their title to the telephones.

The testimony showed that defendants were not ignorant of the claim of the Bell Telephone Company that these telephones were an infringement of its patents.    It was discussed between the parties at the time of the purchase, and the circuit judge assumed that a full explanation of the situation was made by the plaintiff, and, in our opinion, practically decided the case.    The case should have gone to the jury upon the theory of the defendants as well as upon that of the plaintiff.    If the contract, which was not in writing, included a promise to employ all lawyers necessary, and defend and save defendants harmless, and the same was not done, the defendants should have been permitted to recoup such damages as they sustained, if any, by reason of such failure, which could only be determined by the jury.

We think, also, that the court should not have admitted the testimony of the witness Hotchkiss, showing plaintiff's method of dealing with others in the sale of telephones.

Again, the testimony of Hotchkiss as to what was covered by the patents was inadmissible.    He was not shown to be an expert in such matters.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.